UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATTHEW BERNSTEIN, | : CIVIL ACTION |
| Plaintiff, | : NO.: 3:16-CV-01277 (VLB) |
| V. | : |
| INDIAN MOUNTAIN SCHOOL, INC., | : |
| Defendant. | : AUGUST 31, 2016 |

**ANSWER AND AFFIRMATIVE DEFENSES OF
INDIAN MOUNTAIN SCHOOL, INC. TO THE COMPLAINT**

Defendant Indian Mountain School, Inc. ("IMS") hereby answers the Plaintiff's Complaint, dated July 28, 2016 as follows:

**Introduction**

With respect to the unnumbered first paragraph of the Complaint, titled an introduction, IMS admits that it is a private boarding and day school for grades pre-kindergarten through nine in Lakeville, Connecticut, and that Matthew Bernstein was a student IMS, beginning when he was 12 years old. IMS lacks sufficient information upon which to form a belief as to the truth of the Plaintiff's allegations regarding his motivation for filing this action and, therefore, leaves the Plaintiff to his proof. IMS denies the remaining allegations in that paragraph.

**Jurisdiction and Venue**

1. The allegations in Paragraph 1 state a legal conclusion to which no response is required.

2. IMS lacks sufficient information on which to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, leaves the Plaintiff to his proof.

3. The allegations contained in Paragraph 3 are admitted.

4. The allegations in Paragraph 4 state a legal conclusion to which no response is required.

5. As to the allegations contained in paragraph 5, IMS admits that its place of business lies in this District. The remaining allegations contained in Paragraph 5 are denied.

6. As to the allegations contained in paragraph 6, IMS admits that it entered into a Tolling Agreement with the Plaintiff, the terms of which speak for themselves. The remaining allegations contained in Paragraph 6 are denied.

**Parties**

7. The allegations contained in Paragraph 7 are admitted.

8. As to the allegations contained in paragraph 8, IMS admits that it was founded in 1922, that it is a private school, that it teaches boys and girls from pre-kindergarten through ninth grade, and that it is located in Lakeville, Connecticut. The remaining allegations contained in Paragraph 8 are denied.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (Negligence)

9. As to the allegations contained in paragraph 9, IMS admits that between 1980 and 1983, it charged its students more than $1,000 for tuition and board. The remaining allegations contained in Paragraph 9 are denied.

10. As to the allegations contained in paragraph 10, IMS admits that it assumed responsibility to take reasonable and appropriate measures to educate and to provide a safe

environment for its students in return for the tuition paid on their behalf. The remaining allegations contained in Paragraph 10 are denied.

11.    As to the allegations contained in paragraph 11, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

12.    As to the allegations contained in paragraph 12, IMS admits that it assumed responsibility to take reasonable and appropriate measures to educate and to provide a safe environment for its students. The remaining allegations contained in Paragraph 12 are denied.

13.    As to the allegations contained in paragraph 13, IMS admits that it assumed responsibility to take reasonable and appropriate measures to educate and to provide a safe environment for its students. The remaining allegations contained in Paragraph 13 are denied.

14.    The allegations in Paragraph 14 state a legal conclusion to which no response is required.

15.    The allegations in Paragraph 15 state a legal conclusion to which no response is required.

16.    The allegations contained in paragraph 16 are denied.

17.    The allegations contained in Paragraph 17 are denied.

18.    The allegations contained in Paragraph 18 are denied.

19.    The allegations contained in Paragraph 19 are denied.

20.    As to the allegations contained in paragraph 20, IMS admits that Christopher Simonds was employed as a teacher at IMS from 1973 until June of 1985. IMS further admits that, years after Simonds left IMS he admitted sexually abusing certain students at IMS. The remaining allegations contained in Paragraph 20 are denied.

21. As to the allegations contained in paragraph 21, IMS admits that years after leaving the school Christopher Simonds admitted sexually abusing, showing pornography, and providing cigarettes and alcohol to certain students at the School. The remaining allegations contained in Paragraph 21 are denied.

22. The allegations contained in Paragraph 22 are denied.

23. The allegations contained in Paragraph 23 are denied.

24. As to the allegations contained in paragraph 24, IMS admits that Headmaster Peter Carleton and the Board of Trustees learned in 1985 that Christopher Simonds had sexually abused a student several years earlier, resulting in Simonds' departure from the school that year. The remaining allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26 are denied.

27. As to the allegations contained in Paragraph 27, IMS defers to the referenced document as the most accurate statement of its content. To the extent a response is required, the allegations contained in paragraph 27 are denied.

28. As to the allegations contained in Paragraph 28, IMS defers to the referenced document as the most accurate statement of its content. To the extent a response is required, the allegations contained in paragraph 28 are denied.

29. The allegations contained in paragraph 29 are denied.

30. As to the allegations contained in Paragraph 30, IMS defers to the referenced document as the most accurate statement of its content. To the extent a response is required, the allegations contained in paragraph 30 are denied.

31.     As to the allegations contained in Paragraph 31, IMS defers to the referenced document as the most accurate statement of its content. To the extent a response is required, the allegations contained in paragraph 31 are denied.

32.     As to the allegations contained in Paragraph 32, IMS defers to the referenced document as the most accurate statement of its content. To the extent a response is required, the allegations contained in paragraph 32 are denied.

33.     The allegations contained in Paragraph 33 are denied.

34.     As to the allegations contained in Paragraph 34, IMS admits that Christopher Simonds ran a print club at the School. The remaining allegations contained in Paragraph 34 are denied.

35.     The School admits that the print club met in a basement room that was locked when not in use. The remaining allegations contained in paragraph 35 are denied.

36.     As to the allegations contained in Paragraph 36, IMS defers to the referenced document as the most accurate statement of its content. To the extent a response is required, the allegations contained in paragraph 36 are denied.

37.     As to the allegations contained in Paragraph 37, IMS defers to the referenced document as the most accurate statement of its content. To the extent a response is required, the allegations contained in paragraph 37 are denied.

38.     The allegations contained in Paragraph 38 are denied.

39.     The allegations contained in Paragraph 39 are denied.

40.     The allegations contained in Paragraph 40 are denied.

41. As to the allegations contained in Paragraph 41, IMS makes no response to the extent that these allegations constitute a legal conclusion. To the extent that these allegations assert facts, the allegations are denied.

42. As to the allegations contained in Paragraph 42, IMS makes no response to the extent that these allegations constitute a legal conclusion. Additionally, IMS admits that, when it was informed in 1985 of allegations that a student had been sexually abused by Simonds years earlier, it reported those allegations to the Connecticut Department of Children Families. The remaining allegations in Paragraph 42 are denied.

43. The allegations contained in Paragraph 43 are denied.

44. The allegations contained in Paragraph 44 are denied.

45. The allegations contained in Paragraph 45 are denied.

46. The allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47 are denied.

48. The allegations contained in Paragraph 48 are denied.

49. The allegations contained in Paragraph 49 are denied.

50. As to the allegations contained in Paragraph 50, IMS admits that its policy prohibited visitors in dormitories after lights out. The remaining allegations contained in Paragraph 50 are denied.

51. As to the allegations contained in Paragraph 51, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

52. The allegations contained in Paragraph 52 are denied.

53. The allegations contained in Paragraph 53 are denied.

54. The allegations contained in Paragraph 54 are denied.

55. The allegations contained in Paragraph 55 are denied.

56. The allegations contained in Paragraph 56 are denied.

57. The allegations contained in Paragraph 57 are denied.

58. As to the allegations contained in Paragraph 58, IMS admits that the Board of Trustees received a complaint in 1985 that Christopher Simonds had sexually abused a student several years earlier, that the Board of Trustees investigated the complaint, that members of the Board of Trustees discussed the findings of that investigation, that Peter Carleton, Paul Levin, John Chandler, Jr., John Virdon, Kathy Metz, and Jerry Clooney were members of the Board of Trustees at that time, that the Board retained William Cuddy to provide legal counsel, and that Simonds was terminated at the conclusion of that investigation.

59. The allegations contained in Paragraph 59 are denied.

60. The allegations contained in Paragraph 60 are denied.

61. As to the allegations contained in Paragraph 61, IMS defers to the referenced document as the most accurate source of its content. The remaining allegations contained in Paragraph 61 are denied.

62. The allegations contained in Paragraph 62 are denied.

63. The allegations contained in Paragraph 63 are denied.

64. As to the allegations contained in Paragraph 64, IMS defers to the referenced document as the most accurate source of its content. The remaining allegations contained in Paragraph 64 are denied.

65. As to the allegations contained in Paragraph 65, IMS lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

66. As to the allegations contained in Paragraph 66, IMS lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

67. As to the allegations contained in Paragraph 67, IMS defers to the referenced document as the most accurate source of its content. The remaining allegations contained in Paragraph 67 are denied.

68. The allegations contained in Paragraph 68 are denied.

69. As to the allegations contained in Paragraph 69, IMS admits that neither Christopher Simonds nor any other present or former faculty member of IMS was arrested, prosecuted, or convicted in connection with any alleged abuse and neglect of IMS students. The remaining allegations contained in Paragraph 69 are denied.

70. The allegations contained in Paragraph 70 are denied.

71. As to the allegations contained in Paragraph 71, IMS defers to the referenced document as the most accurate source of its content. The remaining allegations contained in Paragraph 71 are denied.

72. The allegations contained in Paragraph 72 are denied.

73. The allegations contained in Paragraph 73 are denied.

74. The allegations contained in Paragraph 74 are denied.

75. As to the allegations contained in Paragraph 75, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

76. The allegations contained in Paragraph 76 are denied.

77. The allegations contained in Paragraph 77 are denied.

78. The allegations contained in Paragraph 78 are denied.

79. The allegations contained in Paragraph 79 are denied.

80. The allegations contained in Paragraph 80 are denied.

81. The allegations contained in Paragraph 81 are denied.

82. The allegations contained in Paragraph 82 are denied.

83. The allegations contained in Paragraph 83 are denied.

84. The allegations contained in Paragraph 84 are denied.

85. The allegations contained in Paragraph 85 are denied.

86. The allegations contained in Paragraph 86 are denied.

87. The allegations contained in Paragraph 87 are denied.

88. The allegations contained in Paragraph 88 are denied.

89. The allegations contained in Paragraph 89 are denied.

90. The allegations contained in Paragraph 90 are denied.

91. The allegations contained in Paragraph 91 are denied.

92. The allegations contained in Paragraph 92 are denied.

93. The allegations contained in Paragraph 93 are denied.

94. The allegations contained in Paragraph 94 are denied.

95. The allegations contained in Paragraph 95 are denied.

96. The allegations contained in Paragraph 96 are denied.

97. As to the allegations contained in Paragraph 97, IMS defers to the referenced document as the most accurate source of its content. The remaining allegations contained in Paragraph 97 are denied.

98. The allegations contained in Paragraph 98 are denied.

99. As to the allegations contained in Paragraph 99, IMS admits that Peter Carleton, as well as other male faculty members, entered the boys' shower room on occasion as part of

their supervisory duties. Further, IMS admits that Mr. Carleton occasionally was in the students' dorms after lights out, as were all faculty members who were serving dorm duty or who lived in the dorms. The remaining allegations contained in Paragraph 99 are denied.

100. The allegations contained in Paragraph 100 are denied.

101. The allegations contained in Paragraph 101 are denied.

102. The allegations contained in Paragraph 102 are denied.

103. The allegations contained in Paragraph 103 are denied.

104. The allegations contained in Paragraph 104 are denied.

105. The allegations contained in Paragraph 105 are denied.

106. The allegations contained in Paragraph 106 are denied.

107. The allegations contained in Paragraph 107 are denied.

108. The allegations contained in Paragraph 108 are denied.

109. The allegations contained in Paragraph 109 are denied.

110. As to the allegations contained in Paragraph 110, IMS admits that Peter Carleton, as well as other male faculty members, entered the boys' shower room on occasion as part of their supervisory duties. Further, IMS admits that Mr. Carleton occasionally was in the students' dorms after lights out, as were all faculty members who were serving dorm duty or who lived in the dorms. The remaining allegations contained in Paragraph 110 are denied.

111. As to the allegations contained in paragraph 111, IMS defers to the referenced document as the most accurate source of its content.

112. As to the allegations contained in Paragraph 112, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

113. The allegations contained in Paragraph 113 are denied.

114. As to the allegations contained in Paragraph 114, IMS defers to the referenced document as the most accurate source for its content. The remaining allegations contained in Paragraph 114 are denied.

115. The allegations contained in Paragraph 115 are denied.

116. The allegations contained in Paragraph 116 are denied.

117. The allegations contained in Paragraph 117 are denied.

118. The allegations contained in Paragraph 118 are denied.

119. The allegations contained in Paragraph 119 are denied.

120. The allegations contained in Paragraph 120 are denied.

121. The allegations contained in Paragraph 121 are denied.

122. The allegations contained in Paragraph 122 are denied.

123. The allegations contained in Paragraph 123 are denied.

124. As to the allegations contained in Paragraph 124 regarding the Plaintiff's alleged damages, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof. The remaining allegations contained in Paragraph 124 are denied.

125. As to the allegations contained in Paragraph 125 regarding the Plaintiff's alleged damages, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof. The remaining allegations contained in Paragraph 125 are denied.

126. As to the allegations contained in Paragraph 126, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

127. As to the allegations contained in Paragraph 127, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

128. As to the allegations contained in Paragraph 128, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

129. As to the allegations contained in Paragraph 129, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

130. The allegations contained in Paragraph 130 are denied.

131. The allegations contained in Paragraph 131 are denied.

132. As to the allegations contained in Paragraph 132, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

133. As to the allegations contained in Paragraph 133, IMS lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

134. The allegations contained in Paragraph 134 are denied.

135. As to the allegations contained in Paragraph 135, IMS admits that it assumed responsibility to take reasonable and appropriate measures to educate and to provide a safe environment for its students. The remaining allegations contained in Paragraph 135 are denied.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (Recklessness)

1. The responses of IMS to Paragraphs 1 through 135 of the First Claim for Relief are hereby incorporated by reference as the responses of IMS to Paragraph 1 of the Plaintiff's Second Claim, as if fully set forth herein.

2. The allegations contained in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 are denied.

5. The allegations contained in Paragraph 5 are denied.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

1. The responses of IMS to Paragraphs 1 through 135 of the First Claim are hereby incorporated by reference as the responses of IMS to Paragraph 1 of the Plaintiff's Third Claim, as if fully set forth herein.

2. The allegations contained in Paragraph 2 are denied.

3. As to the allegations contained in Paragraph 3, IMS denies that the Plaintiff suffered foreseeable distress and, as to the remaining allegations, lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

4. As to the allegations contained in Paragraph 4, IMS lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

5. The allegations contained in Paragraph 5 are denied.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

1. The responses of IMS to Paragraphs 1 through 135 of the First Claim are hereby incorporated by reference as the responses of IMS to Paragraph 1 of the Plaintiff's Fourth Claim, as if fully set forth herein.

2. The allegations contained in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 are denied.

5. As to the allegations contained in Paragraph 5, IMS lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

1.  The responses of IMS to Paragraphs 1 through 135 of the First Claim are hereby incorporated by reference as the responses of IMS to Paragraph 1 of the Plaintiff's Fifth Claim, as if fully set forth herein.

2.  The allegations contained in Paragraph 2 are denied.

3.  The allegations contained in Paragraph 3 are denied.

4.  As to the allegations contained in Paragraph 4, IMS lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

5.  The allegations contained in Paragraph 5 are denied.

## AFFIRMATIVE DEFENSES

Indian Mountain School, Inc. asserts the following affirmative defenses without prejudice to its position that it does not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Plaintiff as a matter of law. Indian Mountain School, Inc. reserves the right to amend its Answer to add Affirmative Defenses in addition to those listed below, consisted with any additional facts discovered in the case.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted against Indian Mountain School, Inc. under the applicable law.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are time-barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claimed injuries and damages, to the extent that they are proved to exist, were caused and/or exacerbated by his failure to mitigate.

DEFENDANT,
INDIAN MOUNTAIN SCHOOL, INC.

By *Kathleen E. Dion*
   Jeffery J. White (ct25781)
   E-mail: jwhite@rc.com
   Bradford S. Babbitt (ct13938)
   E-mail: bbabbitt@rc.com
   Kathleen E. Dion (ct28605)
   E-mail: kdion@rc.com
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT 06103-3597
   Tel. No.: (860) 275-8200
   Fax No.: (860) 275-8299

## **CERTIFICATION**

This is to certify that on this 31st day of August, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*Kathleen E. Dion*
Kathleen E. Dion